UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WINCUP, INC.**<br>4640 Lewis Road<br>Stone Mountain, Georgia 30083<br><br>       Plaintiff,<br><br>v.<br><br>**ACE AMERICAN INSURANCE COMPANY**<br>436 Walnut Street<br>Philadelphia, Pennsylvania 19106<br><br>**STARR SURPLUS LINES INSURANCE COMPANY**<br>399 Park Avenue, 8th Floor<br>New York, New York 10022<br><br>**HDI GLOBAL INSURANCE COMPANY**<br>161 North Clark Street, 48th Floor<br>Chicago, Illinois 60601<br><br>       Defendants. | : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No.: 2:22-cv-02019<br><br><br><br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff WinCup, Inc. ("WinCup"), for its Complaint against Defendants ACE American Insurance Company ("ACE"), Starr Surplus Lines Insurance Company ("Starr"), and HDI Global Insurance Company ("HDI," and, collectively, "Defendants"), states as follows:

## THE PARTIES

1. WinCup is a Delaware corporation and maintains its principal place of business in Georgia.

2. Upon information and belief, ACE is a Pennsylvania corporation and maintains its principal place of business in Pennsylvania.

3. Upon information and belief, Starr is a Texas corporation and maintains its principal place of business in New York.

4. Upon information and belief, HDI is an Illinois corporation and maintains its principal place of business in Illinois.

## JURISDICTION AND VENUE

5. The matter in controversy is between citizens of different states.

6. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs.

7. Jurisdiction exists under 28 U.S.C. § 1332.

8. ACE is subject to personal jurisdiction in this district.

9. Starr is subject to personal jurisdiction in this district.

10. HDI is subject to personal jurisdiction in this district.

11. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim arose in this district.

12. Venue is proper in the Eastern Division of the Southern District of Ohio pursuant to Local Rule 82.1.

## FACTUAL BACKGROUND

13. Plaintiff WinCup is a leading manufacturer of disposable polystyrene cups, bowls, containers, straws and lids with eight manufacturing locations, including one located in Mount Sterling, Ohio.

14. WinCup uses an interbranch system by which certain locations produce and supply disposable lids to other WinCup locations, where the lids are bundled with foam products and sold as a final product to customers.

15. The Mount Sterling location only produces lids, and it sells only a small percentage of the lids produced directly to customers while the vast majority are shipped to other WinCup locations as part of WinCup's interbranch system.

16. The WinCup facilities that regularly receive and rely on lid shipments from Mount Sterling are located in West Chicago, Illinois, Stone Mountain, Georgia, Tolleson, Arizona, Higginsville, Missouri, and Metuchen, New Jersey, respectively.

17. On October 6, 2020, a fire occurred at the Mount Sterling location, which resulted in WinCup sustaining property damage, extra expense, business interruption, and professional fees ("Loss").

18. Specifically, with respect to its business interruption expenses, WinCup incurred lost profits for both lids that Mount Sterling would have sold directly to customers as well as lost sales for lids that would have been supplied to other WinCup locations and bundled for sales to ultimate customers.

19. As a result, in addition to the Mount Sterling location, the Loss affected sales at five other WinCup locations in varying degrees.

20. At the time of the Loss, WinCup maintained three commercial property insurance policies: Policy No. EPR N1 4339334, issued by ACE for the policy period from March 1, 2020 to March 1, 2021 ("ACE Policy"), Policy No. 20UFDC11361501, issued by Starr for the policy period from March 1, 2020 to March 1, 2021 ("Starr Policy"), and Policy No. CPD5555101,

issued by HDI for the policy period from March 1, 2020 to March 1, 2021 ("HDI Policy") (collectively, the "Policies").[1]

21. With respect to any claim covered by the ACE, Starr, and HDI Policies, Defendants agreed to share the risk, with ACE covering 50% of any loss and Starr and HDI each covering 25% of any loss.

22. To date, as a direct and proximate result of the Loss, WinCup has sustained $139,557 in property damage, $1,734,825 in lost gross earnings, $53,469 in extra expense, $93,282 in third party manufacturing excess costs, $17,403 in additional freight costs, and $39,763 in professional fees, bringing WinCup's total claim to $2,078,298 before any deductible under the Policies is applied.

## WinCup's Claim Under the HDI Policy

23. Under the HDI Policy, the deductible is $250,000. HDI Policy, Declaration, p. 3.

24. After applying the $250,000 deductible set forth in the HDI Policy, WinCup's claim totals $1,828,298.

25. When multiplied by .25, representing HDI's agreed percentage, the total amount owed by HDI for the Loss is $457,074.5.

26. However, to date, HDI has only offered to pay WinCup $82,487 for the Loss.

27. HDI arrived at this offer by adjusting the Loss as follows: $138,532 in property damage plus time element and professional fees totaling $441,416 to reach a total claim value of $579,948. HDI then subtracted the $250,000 deductible from its adjusted claim value to reach a net amount of $329,948, which, when multiplied by HDI's participation percentage of 25%, resulted in a Loss share of $82,487.

---

[1] Due to their size, WinCup has not attached copies of the ACE Policy, Starr Policy, or HDI Policy to the Complaint, but will make copies available upon request.

**WinCup's Claim Under the ACE and Starr Policies**

28. While the HDI Policy has a fixed deductible of $250,000, the applicable deductible for business interruption coverage under the Ace and Starr Policies is calculated by using a Time Element of "5 X Average Daily Value (ADV)." ACE Policy, Declarations, p. 3; Starr Policy, Declarations, p. 3.

29. In pertinent part, the ACE and Starr Policies provide:

> If a number of hours/days apply as a Time Element deductible, then this Company shall not be liable for any losses under this Time Element endorsement occurring during the specified number of hours/days immediately following the Occurrence.
>
> If a multiple of the Average Daily Value deductible is indicated for Time Element coverage, then the deductible amount shall be calculated as follows. With respect to any loss or expense for which the Company would be liable under the Time Element coverage(s), there shall first be deducted the amount obtained by multiplying the Average Daily Value for the affected location(s) at the time of such loss by the factor shown in the Declarations of the policy. The Average Daily Value will be determined by dividing the actual Gross Earnings less costs that would have been earned had no loss occurred by the actual number of working days, had no loss occurred, during the period of interruption, with due consideration being given to the experience of the business before the loss and the probable experience thereafter.

ACE Policy, Endorsement 8; Starr Policy, Endorsement 8.

30. Based on the above language in the ACE and Starr Policies, WinCup calculated an ADV of $33,541.36 for the period of interruption by taking the gross earnings for all six affected locations for October and November 2020, multiplying that total by a contribution percentage based on sales attributable to Mount Sterling during the relevant timeframe, and dividing the total by sixty-one days, representing the number of days in the period of business interruption.

31. WinCup then multiplied the $33,541.36 ADV by five to get a total of $167,707.

32. Finally, WinCup multiplied the $167,707 total by a gross earnings percentage of 54.99%, representing WinCup's gross earnings, less costs, that would have been earned had no loss occurred, for a total deductible of $92,222.

33. After subtracting the $92,222 deductible from WinCup's $1,938,741 total loss,[2] WinCup's claim with respect to the ACE and Starr Policies totaled $1,846,519.

34. When multiplied by .50, representing ACE's agreed percentage of risk, the total amount owed by ACE is $923,259.50.

35. When multiplied by .25, representing Starr's agreed percentage of risk, the total amount owed by Starr is $461,629.75.

36. However, ACE and Starr have taken the position that WinCup is not owed any monies for the Loss under either the ACE or Starr Policies.

37. ACE and Starr's contention is based upon an ADV calculation of $234,653, resulting in a deductible of $1,173,263 when multiplied by five.

38. ACE and Starr reached their ADV figure of $234,653 by taking the gross earnings, less costs, that would have been earned had no loss occurred during the period of interruption for all six locations and dividing the total by sixty-one days, representing the number of days in the period of business interruption.

39. ACE and Starr arrived at their zero dollar offer to WinCup by adjusting the business interruption portion of the Loss as follows: time element and professional fees totaling $441,416 less an ADV deductible of $1,173,263, to reach a claim value of zero, which, when multiplied by ACE and Starr's participation percentage of 75%, results in a Loss share of $0.00.

---

[2] WinCup's total loss for ACE and Starr is less than for HDI because the ACE and Starr Policies include a separate $250,000 deductible for property damage, which amount is greater than the $139,557 in property damage WinCup sustained.

40. ACE and Starr's calculation fails to include the varying contribution percentages WinCup incorporated in its ADV calculation for the six affected locations, five of which sustained losses due to the fire to a much lesser degree than the Mount Sterling location as a result of Mount Sterling's production cessation.

41. As a result, ACE and Starr's calculated deductible is artificially inflated to preclude WinCup from recovering under the ACE and Starr Policies.

42. ACE and Starr's interpretation and application of the relevant ADV language in their respective policies, in effect, completely negates the business interruption coverage their policies were intended to provide, rendering the business interruption coverage that WinCup paid significant premiums to secure illusory given the integrated nature of its business.

43. In addition, the relevant ADV language in the ACE and Starr Policies is ambiguous, and any such ambiguity should be resolved in WinCup's favor.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract – ACE, Starr, and HDI)

44. WinCup realleges and incorporates by reference every allegation of the foregoing paragraphs as if they were fully rewritten into this paragraph.

45. WinCup complied with all conditions precedent to coverage under the terms and conditions of the ACE, Starr, and HDI Policies, including without limitation, providing ACE, Starr, and HDI with timely notice of the claim and providing Defendants with all requested information and documentation.

46. By failing to pay WinCup for all damages resulting from the Loss in accordance with the intended terms and conditions of the ACE, Starr, and HDI Policies, Defendants have breached their respective contracts with WinCup.

47. Because of Defendants' breach of contract, WinCup has sustained damages in an amount to be determined at trial, but not less than $1,841,963.75.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment – ACE and Starr)

48. WinCup realleges and incorporates by reference every allegation of the foregoing paragraphs as if they were fully rewritten into this paragraph.

49. WinCup states that under the terms and conditions of the ACE and Starr Policies, the ADV should be calculated by multiplying the gross earnings, less costs, that would have been earned had no Loss occurred during the period of interruption by contribution percentages for the six affected locations based on sales attributable to Mount Sterling during the relevant timeframe.

50. It is the contention of ACE and Starr, however, that the ADV should be calculated using the gross earnings, less costs, that would have been earned had no Loss occurred during the period of business interruption for all six locations without any adjustment to account for the degree to which each of the five locations aside from Mount Sterling relied on lids from Mount Sterling as a portion of sales during the relevant timeframe.

51. Considering the parties' differing positions regarding how the ADV under the ACE and Starr Policies should be calculated, a justiciable controversy exists, and this Court should issue a declaration of rights and duties of the parties under the ACE and Starr Policies with respect to the ADV.

WHEREFORE, WinCup respectfully requests that this Court grant it the following relief against Defendants:

(i) Compensatory damages against all Defendants in an amount more than $75,000.00;

      (ii)    A declaration that the ADV for the ACE and Starr Policies should be calculated by multiplying the gross earnings, less costs, that would have been earned had no loss occurred during the period of interruption by contribution percentages for the five locations aside from Mount Sterling to account for the varying degrees the Loss impacted sales at each location;

      (iii)    An award of all of its costs, disbursements and attorneys' fees in connection with the prosecution of this action; and

      (iv)    All such other and further legal and equitable relief as this Court may deem just and proper.

                                               Respectfully submitted,

                                               /s/ Sean P. McCormick
                                               Sean P. McCormick (0088281)
                                               Kelsey J. Mincheff (0097720)
                                               THOMPSON HINE LLP
                                               10050 Innovation Drive, Suite 400
                                               Miamisburg, OH 45342-4934
                                               (937) 443-6824 (telephone)
                                               (937) 443-6635 (facsimile)
                                               Sean.McCormick@ThompsonHine.com
                                               Kelsey.Mincheff@ThompsonHine.com

                                               *Attorneys for Plaintiff*

-10-

## JURY DEMAND

WinCup, Inc. hereby requests a jury trial on all issues so triable.

/s/ Sean P. McCormick
Sean P. McCormick