UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WINCUP, INC.,

      Plaintiff,

v.                                       Civil Action 2:22-cv-2019
                                         Judge Sarah D. Morrison
                                         Magistrate Judge Chelsey M. Vascura

ACE AMERICAN INSURANCE
COMPANY, *et al.*,

      Defendants.

## ORDER

      This matter is before the Court on Plaintiff's Unopposed Motion for Leave to File Under Seal Certain Exhibits to Motion for Summary Judgment as to Phase I and the Deposition Transcript and Exhibits of Colleen Hitchins (ECF No. 37). Plaintiff seeks to file under seal certain exhibits accompanying its motion for summary judgment (already filed on the public docket in redacted form at ECF No. 38). Plaintiff asserts that the exhibits contain "confidential, proprietary, and/or other commercially sensitive information that is not publicly available and should not be publicly available that has been marked for protection" pursuant to the parties' Stipulated Protective Order (ECF No. 31). For the reasons that follow, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

      There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross*

*Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Plaintiff's Motion fails to meet the high standard set forth by the Sixth Circuit. Plaintiff asserts only that the "confidential" documents contain restricted and confidential information subject to the Stipulated Protective Order. But the parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that a "confidentiality agreement between the parties does not bind the court in any way"); *White*, 2017 WL 3537233, at *2 (finding the parties' joint motion to file under seal woefully inadequate where they merely asserted that they decided to keep the terms of their settlement confidential); *In re Black Diamond Mining Co., LLC*, No. 15-96, 2016 WL 4433356, at *3 (E.D. Ky. Aug. 18, 2016) (explaining that the existence of a confidentiality agreement, alone, is not a compelling reason to seal a record). Thus, even where the parties agree to maintain confidentiality, the moving party must provide compelling reasons

justifying the sealing of those documents. Plaintiff's unsupported assertion that the documents contain proprietary information is insufficient to meet this standard.

For the foregoing reasons, Plaintiff's Motion (ECF No. 37) is **DENIED WITHOUT PREJUDICE**. If any party desires that the documents in question be filed under seal, the proponent of the seal must file a properly supported motion that demonstrates good cause for filing under seal **WITHIN SEVEN DAYS** of the date of this Order. The parties are cautioned that any forthcoming motion must meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE